## MORGAN *v.* NEW YORK & M. RY. CO.

*(Supreme Court, General Term, Second Department.* December 10, 1889.)

EMINENT DOMAIN—APPRAISERS' AWARD—RECORDING.

    3 Rev. St. N. Y. (8th Ed.) p. 1745, § 18, providing that a certified copy of the order confirming the award of appraisers in condemnation proceedings shall be recorded "in the clerk's office of the county in which the land described in it is situated," does not require recording in the book of conveyances, but a recording in the office of the county clerk is a sufficient compliance.

Appeal from circuit court, Dutchess county.

Action by Mary L. Morgan against the New York & Massachusetts Railway Company on an award of commissioners of appraisal by defendant. Judgment for plaintiff, and defendant appeals. 3 Rev. St. N. Y. (8th Ed.) p. 1745, § 18, provides that a certified copy of the order confirming an award of appraisers in condemnation proceedings shall be recorded "in the clerk's office of the county in which the land described in it is situated.

*Homer A. Nelson,* for appellant.   *Horace D. Hutcuff,* for respondent.

DYKMAN, J. The appeal in this action presents the same questions, substantially, as those raised in the case of John R. Lent against the same defendant, *ante,* 729, (decided at the present term of the court.) Both actions were upon awards of commissioners of appraisal in the same proceedings, but in this action there was an answer to the complaint, and a trial before a jury, at which a verdict was directed for the plaintiff by the trial judge. The questions of law involved in this case are the same as those in the *Lent Case,* and the objection respecting the recording of the order of confirmation of the report of the commissioners of appraisal is a question of fact, founded upon an erroneous construction of the statute which requires the order to be recorded. The contention of the defendant is that the order should be recorded in the book of conveyances, but such a construction would render a compliance with the statute impossible in those counties having a register's office, where all conveyances are required to be recorded. The order was recorded in the office of the county clerk of Dutchess county, and we think the statute received compliance in that respect. There being no question of fact involved upon the trial, the trial judge was justified in directing a verdict. The judgment should be affirmed, with costs.